

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Gentlemen:

Attention: Mr. James E. Kilday,
Director Motor Trans-
portation Division.

Opinion No. O-1677
Re: Requirements of Article 911b,
Section 13, Vernon's Civil
Statutes, respecting Work-
men's Compensation Insurance,
as affecting motor carrier
operating under certificate
issued by the Interstate Com-
merce Commission.

By your letter of November 10, 1939, you state
that the holder of certificate No. 2694, United Transport
Company, Inc., maintains its principal office in Oklahoma
City, Oklahoma, but has twenty employees domiciled in this
State; that you have requested that it file a Standard
Workmen's Compensation policy of insurance to protect its
employees, in accordance with the provisions of Section
13, Chapter 277, Acts of the Regular Session of the Forty-
second Legislature, 1931, as amended by the Forty-third
Legislature, 1933; that the operator contends that since
it is operating under the jurisdiction of the Interstate
Commerce Commission, it may not be required to file such
policy of workmen's compensation insurance.

Upon this state of facts, you ask the opinion of
this department upon the question whether such operator is
subject to the provisions of Section 13 of the Act above
referred to, respecting the protection of employees of a
motor carrier by taking out workmen's compensation insur-
ance.

Section 13 of the Act referred to, insofar as it
concerns the question of workmen's compensation insurance,
provides as follows:

Railroad Commission of Texas, Page 2

"Each motor carrier shall also protect his
employees by taking out workmen's compensation
insurance, either as provided by the Workmen's
Compensation Laws of the State of Texas, or in
a reliable insurance company authorized to write
workmen's compensation insurance approved by the
Commission."

The power conferred upon the Congress by the Con-
stitution of the United States to regulate commerce between
the states, when exerted, excludes and supercedes state
legislation in respect to the same matter. Congress, in
exerting its power to regulate such phase of interstate com-
merce, may circumscribe its regulation in such manner as to
leave a part of the subject to state action. The purpose
of Congress exclusively to regulate may be implied, but not
unless the Federal measure, when fairly interpreted, is
plainly inconsistent with state regulation of the same matter.
Cilvary v. Cuyahoga Valley Railway Company, 292 U. S. 57, 54
S. Ct. 573, 574, 78 L. Ed. 1123.

There is nothing in the Federal Motor Carrier Act,
49 U. S. C. A., Sections 301-327, "remotely suggesting a
purpose to regulate the liability of employers engaged in
in this type of interstate commerce to their employees."
As Congress has not seen fit to invade this field of regula-
tion of interstate commerce by motor carriers, the author-
ity of the State of Texas over the subject remains unimpair-
ed, and the provisions of Section 13, above quoted, are ap-
plicable to interstate common carrier certificate holders.
State ex rel Washington Motor Coach Co. v. Kelly, Director
of the Department of Labor and Industries, (Sup. Ct. of
Washington) 74 Pac. (2d) 16.

We trust that the foregoing sufficiently answers
your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

R. W. Fairchild

R. W. Fairchild
Assistant

RWF:MR     APPROVED DEC 14, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWR
CHAIRMAN